```
 1  E. John Damasco, Esq. (California Bar No. 185661)           FILED
    LAW OFFICES OF E. JOHN DAMASCO
 2  6136 Mission Gorge Rd., Suite 202                       07 DEC 17 PM 12: 47
    San Diego, CA 92120
 3  Telephone: (619) 640-1444                               CLERK, U.S. DISTRICT COURT
    Facsimile: (619) 640-1244                              SOUTHERN DISTRICT OF CALIFORNIA
 4  Email: Damascoesq@hotmail.com
                                                           BY:      PBV     DEPUTY
 5  Attorney for Plaintiffs ELLEN K. DUTY and WILLIAM DUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN K. DUTY, an individual and WILLIAM DUTY, an individual,<br><br>       Plaintiffs,<br>   vs.<br><br>UNITED STATES NAVAL MEDICAL CENTER, UNITED STATES OF AMERICA, and DOES 1 through 100,<br><br>       Defendants | Case No.: '07 CV 2349 LAB WMc<br><br>COMPLAINT FOR MONEY DAMAGES BASED ON NEGLIGENCE-MALPRACTICE, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, LOSS OF CONSORTIUM<br><br>Federal Tort Claims Act<br>28 U.S.C. Section 2671, *et. seq.*<br>28 U.S.C. Section 1346(b), *et. seq.*<br>28 U.S.C. Section 1367<br>28 U.S.C. 1402(c), *et. seq.* |

   COME NOW plaintiffs, ELLEN K. DUTY, and WILLIAM DUTY, and for causes of action against defendants, allege as follows:

### FIRST CAUSE OF ACTION

(Negligence - Malpractice)

   The injuries and damages upon which this action is based occurred at the Naval Medical Center in San Diego, California.

   ELLEN K. DUTY is the wife of WILLIAM DUTY. At the time of the events leading to this action, WILLIAM DUTY was retired from the military. His Wife, ELLEN K. DUTY was and is entitled to receive medical care from defendant UNITED STATES NAVAL HOSPITAL

and the UNITED STATES OF AMERICA.

At all times herein mentioned, defendant UNITED STATES OF AMERICA was, and now is, a sovereign entity responsible for the management and operation of the United State Naval Medical Center, in San Diego, California.

This action is brought under the provisions of the Federal Tort Claims Act, 28 U.S.C. Section 2671, *et. seq.*, and 28 U.S.C. Section 1346(b), *et. seq.*, to provide subject matter jurisdiction.  Further, this court has supplemental jurisdiction over DOE defendants 1 through 100 in accordance with 28 U.S.C. Section 1367.

The residence and domicile of plaintiffs ELLEN K. DUTY and WILLIAM DUTY was at all times applicable the County of San Diego, State of California, Southern District of California, in accordance with 28 U.S.C. Section 1402(b).

The amount of controversy herein, exclusive of interest and costs, exceeds the sum of $100,000.00.

The true names and capacities, whether individual, corporate, associate, or otherwise of defendants DOES 1 through 10, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names.  Plaintiffs will amend this complaint to show the true names and capacities when they have been ascertained.  Plaintiffs are informed and believe, and thereon allege, that each of the defendants designated herein as

2
COMPLAINT

a DOE is legally responsible in some manner for events and happenings herein referred to and caused the damages herein alleged.

The acts and conduct herein alleged were performed by defendants, or agents and employees of defendants acting in the course and scope of said agency and employment and with the knowledge and consent of defendants. Further, defendants are estopped from denying their liability for the facts and conduct alleged as a result of their affirmative misrepresentation and affirmative concealment of material facts regarding the circumstances giving rise to the plaintiffs' injuries, including, but not limited to, acts of evasion, falsehood, and the alteration of documents relating to the identity and status of personnel who provided care and treatment to plaintiffs ELLEN K. DUTY and WILLIAM DUTY.

Plaintiff employed defendants to care for and treat her, and to do all things necessary and proper in connection therewith.

Defendants so negligently and carelessly cared for and treated, as well as negligently supervised the care and treatment of, plaintiff ELLEN K. DUTY, so as to cause plaintiffs to suffer severe injuries.

The negligence and carelessness of defendants consisted of the failure to use, and to insist upon the use of that degree of skill and care ordinarily used by health care professionals

engaged in the practice of their profession in the same or similar locality and under the same of similar circumstances. Further, defendants were negligent in the maintenance, inspection, and use of lab results necessary and proper in connection with the care and treatment of plaintiff ELLEN K. DUTY.

As a legal result of the negligence and carelessness of defendants, plaintiff ELLEN K. DUTY was hurt and injured in her health, strength, and activity sustaining injury to her body and shock and injury to her pulmonary system and person, all of which have caused, and continue to cause, plaintiff permanent injury in her health and physical ability, and will cause plaintiff mental, physical, and pulmonary pain and suffering, fright, grief, anxiety, and apprehension, all to her general damage in an amount in excess of $100,000.00.

As a further legal cause of the negligence and carelessness on the part of defendants, plaintiff ELLEN K. DUTY was required to and did incur medical, nursing, and incidental expenses and was further required to employ the services of friends and family members to provide nursing and related services. The exact amount of such expenses are unknown to the plaintiffs at this time inasmuch as the same is continuing and plaintiffs will seek leave of the court to prove said amount at the time of the trial.

As a further legal result of the negligence and carelessness

on the part of defendants, plaintiff ELLEN K. DUTY was permanently injured in her health and physical ability, thereby causing a loss of future earnings, all to her damage in an amount to be proven at the time of trial.

On or about August 6, 2007, plaintiffs through their attorney submitted a claim to the Naval Medical Center San Diego. Further On or about November 19, 2007, plaintiffs again submitted a claim to the Defendant. The UNITED STATES OF AMERICA has failed to make a final disposition of said claim and plaintiffs hereby deem defendant's failure to act as a final denial of the claim.

## SECOND CAUSE OF ACTION

(Negligent Infliction of Emotional Distress-ELLEN K. DUTY)

Plaintiffs refer to, reallege, and incorporate herein by reference each and every allegation contained in the First Cause of Action as though fully forth herein.

Plaintiff ELLEN K. DUTY retained the services of the defendants, and each of them, to handle the circumstances of nodules discovered within her left lung. As a result of the negligence of defendants, and each of them, plaintiff ELLEN K. DUTY unnecessarily had her left lung removed. Defendants, and each of them, breached the duty arising from their professional and fiduciary relationship with plaintiff ELLEN K. DUTY.

As a direct result of the conduct of the defendants, and

each of them, plaintiff ELLEN K. DUTY has suffered severe emotional and psychological distress as a result of the mix-up that led to the unnecessary removal of her left lung.

As a further direct result of the aforementioned conduct of defendants, and each of them, plaintiff ELLEN K. DUTY has suffered, and continues to suffer, injury to her health, strength, and activity, and continues to suffer severe psychological and emotional injury, shock, chagrin, worry, fright, apprehension, and depression of a permanent and lasting nature, all to her damage in an amount in excess of $100,000.00.

## THIRD CAUSE OF ACTION

(Negligent Infliction of Emotional Distress - WILLIAM DUTY)

Plaintiffs refer to, reallege, and incorporate herein by reference each and every allegation contained in the First and Second Causes of Action as though fully set forth herein.

Defendants, and each of them, owed a duty of care to the plaintiff HUBBY DUTY, the husband of plaintiff ELLEN K. DUTY, to avoid injury, mental and physical, to his wife, which arose from their physician-patient relationship.

Plaintiff WILLIAM DUTY has suffered and will continue to suffer severe emotional distress as a legal result of defendants' negligence in an amount greater than $100,000.00.

## FOURTH CAUSE OF ACTION

(Loss of Consortium)

|   |   |
|---|---|
| 1 |   |
| 2 | Plaintiffs refer to, reallege, and incorporate herein by reference contained in the First, Second, and Third Causes of Action as though fully set forth herein. |
| 3 |   |
| 4 |   |
| 5 | As a legal result of said damages and injuries suffered by ELLEN K. DUTY, plaintiff WILLIAM DUTY has been and will be deprived of his wife's love, affection, comfort, companionship, society, solace, and household services, all to his general damages in an amount in excess of $100,000.00. |

Plaintiffs refer to, reallege, and incorporate herein by reference contained in the First, Second, and Third Causes of Action as though fully set forth herein.

As a legal result of said damages and injuries suffered by ELLEN K. DUTY, plaintiff WILLIAM DUTY has been and will be deprived of his wife's love, affection, comfort, companionship, society, solace, and household services, all to his general damages in an amount in excess of $100,000.00.

WHEREFORE, plaintiffs pray judgment against defendant as follows:

For general and special damages as to plaintiffs ELLEN K. DUTY and WILLIAM DUTY.

For pre-judgment interest as allowed by law;

For costs of suit incurred herein; and

For such other and further relief as the court may deem just and proper.

Dated this 13th day of December, 2007
Respectfully Submitted

By: _____
E. John Damasco,
Attorney for Plaintiffs
ELLEN K. DUTY and WILLIAM DUTY

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Ellen K. Duty & William K. Duty

**(b)** County of Residence of First Listed Plaintiff: San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
E. John Damasco, Esq. (185661)
6136 Mission Gorge Rd, #202, San Diego CA 92120  (619)640-1444

### DEFENDANTS
United States Naval Medical Center, U.S.A., & DOES 1-100

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): 07 CV 2349 LAB WMc

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [X] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | [X] 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Title 10 Section 2733     28 USC 1402(c)
Brief description of cause: Plaintiffs Lung was Mistakenly removed.

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 10,000,000.00
- CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 12/13/2007    SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # 145603   AMOUNT $350   12/17/07 BH   APPLYING IFP   JUDGE   MAG. JUDGE

```
          UNITED STATES
          DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

      # 145603      - BH

      December 17, 2007
           12:46:22

         Civ Fil Non-Pris
USAO #.: 07CV2349 CIVIL FILING
Judge..: LARRY A BURNS
Amount.:              $350.00 CK
Check#.: BC# 175


      Total-> $350.00


FROM: CIVIL FILING
      DUTY V. US NAVAL MED. CENTER
```